**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Cointa Caro Cerda, ) | |
| ) | Case No. 18-cv-3446 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Tiya Hospitality, Inc. ) | |
| D/B/A Baymont Inn Harvard, John Doe 1 ) | |
| John Doe 2, ) | |
| ) | Jury demanded |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Cointa Caro Cerda ("Plaintiff"), through her attorneys, Lopez & Sanchez, LLP for her Complaint against Tiya Hospitality, Inc. D/B/A Baymont Inn Harvard et al. (collectively "Defendants"), states as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek, and failure to pay all earned wages for all time worked when due.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. At all relevant times herein, Plaintiff Cointa Caro Cerda resided in and was domiciled within this judicial district.

4. At all relevant times herein, Plaintiff was employed by Defendant as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5. At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of her employment, Plaintiff worked as a member of the housekeeping staff for Defendant.

7. At all relevant times herein, Defendant has been an "employer" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8. Defendant has had two or more employees, including Plaintiff, who handle goods that moved in interstate commerce.

9. Defendant Tiya Hospitality, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant Tiya Hospitality, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. At all relevant times herein, Defendant Tiya Hospitality, Inc, was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

11. Defendants John Doe 1 and 2 are officers of Tiya Hospitality, Inc., and were involved in the day to day business operation of Defendant Tiya Hospitality, Inc. Defendants had the

authority to hire and fire persons employed by Defendant Tiya Hospitality, Inc., including the Plaintiff; the authority to direct and supervise the work of Defendant Tiya Hospitality, Inc., employees; the authority to sign on Defendant Tiya Hospitality, Inc., checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12. Defendants John Doe 1 and 2, were Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

13. Plaintiff's work schedule was from Monday through Sunday, from 7:00 a.m. until 3:30 p.m. although she often worked past 3:30 p.m. to as late as 5:30 p.m. to finish her assigned work, she was regularly paid for only thirty-five hours of work at a rate of $9.50/hr.

14. Plaintiff has executed a consent to sue letter, which is attached to this complaint as an exhibit.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages

15. Plaintiff incorporates and re-alleges paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay all wages to Plaintiff that she was due .

17. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

18. During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

19. Plaintiff's work schedule was from Monday through Sunday, from 7:00 a.m. until 3:30 p.m. although she often worked past 3:30 p.m. to as late as 5:30 p.m. to finish her assigned work, she was regularly paid for only thirty-five hours of work at a rate of $9.50/hr.

20. Pursuant to 29 U.S.C. §206, Plaintiff was entitled to be compensated at a rate of $8.25 per hour all time worked less than forty (40) hours in individual work weeks.

21. Defendant's failure to pay Plaintiff the minimum wage for all time worked up to forty (40) hours per week violated the FLSA, 29 U.S.C. § 206.

22. Defendant willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked up to forty (40) hours in individual work weeks.

23. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure to pay her the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount Plaintiff's regular rate for all time Plaintiff worked in Up to forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act - Overtime Wages

24. Plaintiff incorporates and re-alleges paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

26. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

27. During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

28. Plaintiff's work schedule was from Monday through Sunday, from 7:00 a.m. until 3:30 p.m. although she often worked past 3:30 p.m. to as late as 5:30 p.m. to finish her assigned work, she was regularly paid for only thirty-five hours of work at a rate of $9.50/hr.

29. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times her hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

31. Defendant willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

32. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law-Overtime Wages

33. Plaintiff realleges and incorporates paragraphs 1-32 as if set forth herein.

34. Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq*., for failure to pay overtime wages to Plaintiff at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

35. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

36. During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendant to work, and did so work, in excess of forty (40) hours in individual work weeks.

37. Pursuant to 820 ILCS 105/4(a), Plaintiff was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendant did not compensate Plaintiff at the rate of one and one half time her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Earned Wages

41. Plaintiff realleges paragraphs 1-40 and incorporates them here as if set forth fully.

42. Count III arises from Defendant's failure to pay Plaintiff's earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/5.

43. During the course of Plaintiff's employment by Defendant, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

44. Defendant did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

45. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed upon by the parties.

7

46. Defendant's failure to compensate Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

47. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked upon separation or on the next scheduled pay date.

48. Defendant's failure to pay all wages due upon separation when due violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A. A judgment in the amount of all back wages due and amounts improperly deducted from wages, as provided by the IWPCA;

    B. Penalties of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

    C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

    D. That the Court determines the rights of the parties and direct Defendant to account for all hours owed wages owed to Plaintiff;

Respectfully submitted,

/s/ Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: May 15, 2018

8